## WILLIAM McMURRAY *vs.* TIMOTHY CONNOR.

A deed of mortgage of several parcels of land, one of which is held by the mortgagor as a homestead under *St.* 1857, *c.* 298, though not executed in such form as to be a valid conveyance of the homestead, is good as to the other parcels; and if the homestead has been sold under a power of sale contained in the mortgage, without right, and the sale has been held to be void, the money received therefor is not to be deducted from the amount of the debt secured by the mortgage, in making up the sum for which conditional judgment shall be rendered in an action to foreclose the mortgage.

MERRICK, J.  The object of the demandant in this action is to recover possession of the premises described in the writ, for breach of the condition contained in the mortgage under which he claims.

This mortgage, the due execution of which is not contested, was made to the demandant by the tenant on the 12th of August 1858.  His wife joined with him in the conveyance for the purpose of relinquishing her right of dower, but not to release or discharge any right of homestead.  It contained a power of sale, and purported to grant and convey three several distinct parcels of land.  It appears from the evidence produced upon the trial that, previously to the making and execution of this deed, one of said parcels, but not the one the possession of which is now sought for and demanded, had become, under the provisions of *St.* 1857, *c.* 298, exempted, as the homestead of the tenant, from sale or levy of execution.  As to this last mentioned parcel, it has already been determined in an action between the present parties, and upon the same facts as those now reported, that the said mortgage deed and all the proceedings of said McMurray in selling and conveying said parcel under said power of sale were wholly inoperative and void ; and that no title to it was acquired by McMurray under the levy of the execution of Reid against the demandant.  *Connor* v. *McMurray, ante,* 202.  But as to the two other parcels, the deed was good and the conveyance effectual.  *St.* 1857, *c.* 298, § 12.  The ruling therefore upon the trial, that this action could be maintained, and that the demandant was entitled to conditional judgment, was correct.

It does not appear from the report whether, in ascertaining the amount due on the notes secured by the mortgage and for which the conditional judgment should be rendered, any allowance was or was not made for an indorsement of $294.75 made on one of the notes for the supposed net proceeds of the sale under the power contained in the mortgage; and therefore it becomes necessary to say that, in conformity to the determination in the case of *Connor* v. *McMurray*, above cited, and for the reasons stated in the opinion of the court in ordering judgment therein, no such allowance should be made; and that, in computing the amount due on the notes, that indorsement should be wholly disregarded.

*R. W. Adam*, (*A. Potter* with him,) for the demandant.
*J. D. Colt & T. P. Pingree, Jr.*, for the tenant.